# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

SUGAR CREEK, L.L.C. d/b/a BIG
SUGAR GOLF CLUB and SUGAR
CREEK RESIDENTIAL COMMUNITY                              PLAINTIFF

       v.       Civil No. 05-5181

JERRY N. SLACK & ASSOCIATES, INC.                        DEFENDANT

## O R D E R

Now on this 2nd day of June, 2006, comes on for consideration **Jerry N. Slack & Associates, Inc.'s Motion To Dismiss Complaint** (document #3), and from said motion, the supporting documentation, and the response thereto, the Court finds and orders as follows:

    1.   Plaintiff Sugar Creek, L.L.C. d/b/a Big Sugar Golf Club and Sugar Creek Residential Community ("Big Sugar") brings suit based on diversity jurisdiction against defendant Jerry N. Slack & Associates, Inc. ("Slack"). Big Sugar alleges that Slack is liable - on theories of negligence, breach of contract, and detrimental reliance - for acts and omissions in connection with services rendered to Big Sugar in the design and construction management of a golf course.

    2.   Slack contends that Big Sugar's claims should be dismissed for failure to join necessary and indispensable parties, pursuant to **F.R.C.P. 12(b)(7)** and **19**. The parties said to be necessary and indispensable are Doublebull, L.L.C. ("Doublebull") and Engineering Design Associates, P.A. ("EDA"), both alleged to have been retained by Big Sugar to provide assistance in obtaining

environmental permits necessary to construction of the golf course.

3.  **F.R.C.P. 19(a)** provides, in relevant part, that "[a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties. . . ."

If such a party (a "necessary" party) is found to be indispensible (i.e., the court cannot "in equity and good conscience" proceed to hear the dispute among the parties already before it), and cannot be joined because joinder would deprive the court of jurisdiction, **F.R.C.P. 19(b)** requires dismissal of the case.

4.  The gravamen of the Complaint is found in allegations that Slack failed to notify Big Sugar of cost overruns and construction delays, approved progress payments in excess of progress actually made, and approved changes not approved by Big Sugar, all of which ultimately caused the price of the golf course to exceed what Big Sugar had been led to expect.

Slack contends that Doublebull and EDA are necessary parties because the cost overruns were caused, in part, by the failure of Doublebull and EDA to perform as agreed.  Even if true, however, this allegation does not make Doublebull and EDA necessary parties

to the litigation between Big Sugar and Slack.  Big Sugar is not contending that Slack *caused* the cost overruns, but rather that Slack is responsible for failing to call those overruns to Big Sugar's attention.  Thus, it does not appear that any dereliction of duty on the part of Doublebull and EDA would determine the outcome of Big Sugar's claims against Slack, or prevent complete relief as between Big Sugar and Slack.  **F.R.C.P. 19(a)(1)** "requires joinder only when the absence of the unjoined party prevents complete relief among the current parties. . . . The focus is on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person." **Gwartz v. Jefferson Memorial Hospital Association**, **23 F.3d 1426, 1428 (8th Cir. 1994)**(citation and internal quotation marks omitted).

5.   Slack also claims that Doublebull and EDA are "necessary parties under the Arkansas law of comparative fault with respect to Sugar Creek's negligence claim."  The Supreme Court has ruled to the contrary:  it is not necessary to join all tortfeasors in a single lawsuit.  They are merely permissive parties.  **Temple v. Synthes Corp., Ltd.**, **498 U.S. 5 (1990)**.  To the extent that Slack believes Doublebull and EDA *are* partly responsible for any liability it may have to Big Sugar, they may be made third-party defendants by Slack, pursuant to **F.R.C.P. 14(a)**.  See ¶7, *infra*.

6.   Slack also contends that **Rule 19** dismissal is compelled

-3-

by an Order entered by the Circuit Court of Benton County, Arkansas, in a case styled and numbered Sugar Creek, LLC d/b/a Big Sugar Golf Club and Sugar Creek Residential Community v. Legal Links, Inc. and Jerry N. Slack & Associates, Inc., CIV 2002-1018-3. That order required Big Sugar to make Doublebull and EDA parties pursuant to **A.R.C.P. 19(a)**, stating that "[i]t appears to the Court that Big Sugar seeks damages that Slack may not have to respond to, therefore complete relief would not be awarded. Further, there appear to be Defendants who are available to service of process."

Rather than join Doublebull and EDA, Big Sugar dismissed the state court action and refiled its claim against Slack in this Court, without naming either Doublebull or EDA. Slack contends that this is "blatant . . . forum shopping," because Doublebull is an Arkansas corporation and if Big Sugar were to sue it, that would destroy diversity. It reasons that because of this "forum shopping," the case should be dismissed.

The Court does not believe the conduct of Big Sugar falls within the ambit of prohibited forum shopping. Big Sugar had an absolute right to dismiss its state court claims against Slack, pursuant to **A.R.C.P. 41(a)**. It also had the right to refile its claims against Slack in United States District Court, leaving out unnecessary parties if it so chose in order to have diversity, so long as it did not impermissibly manufacture diversity. **Chemical**

**Leaman Tank Lines, Inc. v. Aetna Casualty and Surety Co.**, **177 F.3d 210, fn. 16 (3d Cir. 1999)**. It did not, by selecting a federal forum, obtain the benefit of any favorable substantive law not available to it in state court, because under **Erie Railroad Co. v. Tompkins**, **304 U.S. 64 (1938),** when a case is heard in a United States District Court on the basis of diversity jurisdiction, the same law applies as if the case were heard in state court.

For these reasons, the Court is not persuaded that any "forum shopping" that may have occurred is of a prohibited nature, or that it would justify dismissal of this case.

7. Slack's motion seeks three alternative forms of relief. While it hopes in the first instance for dismissal, and in the second instance for an order requiring Big Sugar to join Doublebull and EDA as defendants, it suggests a third alternative: that the Court grant Slack leave to bring a third-party complaint against Doublebull and EDA. Pursuant to **F.R.C.P. 14(a)**, a defendant, "as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."

Although Big Sugar disavows any claims against Doublebull and EDA, that is not dispositive of the matter, and the Court finds that Slack's request to file a third-party complaint as to these entities has merit. It will, therefore, grant the pending motion

to the extent of allowing Slack to file a third-party complaint within ten (10) days from the date of this Order.

**IT IS THEREFORE ORDERED** that **Jerry N. Slack & Associates, Inc.'s Motion To Dismiss Complaint** (document #3) is **granted in part and denied in part.**

The motion is **denied** insofar as it seeks dismissal of plaintiff's claims herein, and **denied** insofar as it seeks to force plaintiff to join Doublebull, L.L.C., and Engineering Design Associates, P.A., as defendants.

The motion is **granted** insofar as it seeks leave to file a third-party complaint against Doublebull, L.L.C., and Engineering Design Associates, P.A.

**IT IS SO ORDERED.**

    /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**